



# JUBILEE ACADEMIC CENTER, INC.
4434 Roland Rd.
San Antonio, TX 78222-2830
Ph # 210-333-6227   Fax # 210-337-2357

Tom Koger
Chief Executive
Officer
tkoger@jubileeacademic.org


Daniel Amador
Superintendent of
Schools
damador@jubileeacademic.org


Rene Gallegos
Chief Financial
Officer
rgallegos@jubileeacademic.org

Via Email and Certified Mail
Deidra Wynne
108 Ridgewood Drive
Georgetown, Texas 78628

Re: Your Former Employment with Jubilee Academic Center

Dear Ms. Wynne:

We are responding to your recent inquiries related to the termination of your employment with Jubilee on August 19, 2016. As I suspect you are aware, you were an at-will employee at all times during your employment with Jubilee Academic Center ("Jubilee"). Thus, your continued employment as a Character Coach was never guaranteed, and your employment was subject to termination at any time and for any reason under Texas law. I am writing to provide you with a statement as to why your employment was terminated.

Toward the end of the 2015-2016 schoolyear, you experienced classroom management difficulties, including instances where you left your classroom mid-period and asked a different teacher to take over your duties due to the way students were purportedly behaving. As you might imagine, those instances could have been the subject of a corrective action, but they were not because they occurred near the end of the school year. In an effort to further develop your classroom management skills and improve your abilities as a Character Coach, Blake Schneider gave you the important opportunity to attend Professional Development and training with Athlos in Boise, Idaho during the summer of 2016. You communicated your excitement about the opportunity to Mr. Schneider, and you agreed to and committed to attend; however, you rejected the opportunity shortly thereafter. Following these events, Mr. Schneider asked if you intended to fully focus your attentions to serve Jubilee students during the 2016-2017 schoolyear, and you responded that you were "all in." Not long thereafter, and despite your prior assurance of commitment, you failed to attend the first day of work for the mandatory professional development for the 2016-2017 school year on August 8, 2016. As you know, the professional development days that preceded the start of the students' school year were mandatory and critical for preparing for the new school year, your failure to attend was a significant violation and misconduct connected to the work.

The combination of these several events led Mr. Schneider to determine that Jubilee could not rely on you to fully devote yourself to the responsibilities required of your position for the 2016-2017 schoolyear. Accordingly, Mr. Schneider decided to terminate your employment with Jubilee.

The day after your unexcused absence, you initiated an email conversation with HR wherein you inquired generally about Family Medical Leave Act (FMLA) leave at some undetermined date, if ever, so you could care for your adult sister. Based on your

communications, the extent of your sister's illness is not at issue. However, the limitations of the FMLA are clear—an employee is only eligible to take leave to care for a sibling in very limited circumstances related to that sibling's military service (which you did not suggest applied), and when there exists an "*in loco parentis*" relationship between the siblings as narrowly defined. While you stated in your email to HR that there was an *in loco parentis* option under FMLA, it does not apply to your circumstances.

The *in loco parentis* option is limited, and it does not automatically apply to create eligibility for all employees who wish to take FMLA leave to care for a sibling. If and when it does apply, the *in loco parentis* option essentially creates a fictional parental relationship between two siblings. This fictional relationship is limited to the following circumstances: to allow an employee to care for a sibling who (1) is presently a minor, which your sister is not, or (2) is not a minor, but who had previously taken on the role of a parent to that employee when the employee was a minor. In other words, the *in loco parentis* option would only apply to you and your sister if your sister actually acted as your parent when you were a minor. The Department of Labor created regulations to the FMLA that explain the requirements for such a situation. Specifically, your sister would have had to have held "day-to-day responsibilities to care for **and** financially support" you when you were a minor. *See* 29 C.F.R. § 825.122(d)(3) (emphasis added). Based on the information provided, you would not have qualified for FMLA leave to care for your sister under the *in loco parentis* option. Regardless, you stated to HR that you were not requesting FMLA leave at that time, but were simply writing to discuss the potential should the need arise.

In summary, your employment was terminated due to your job performance. Additionally, your inquiries generally about FMLA leave at some undefined time in the future, to care for a sibling who would not have triggered FMLA leave eligibility, does not create protection under the law because you were not eligible for FMLA leave to care for your sister.

Jubilee recognizes that it took a while to provide a formal response to your post-termination inquiries, and that such delay could have contributed toward your confusion. In recognition of the same, and for purposes of facilitating your job search efforts, Jubilee will, if you request the same, change the basis of your separation of employment from termination to resignation. In doing so, your efforts to find employment will not be limited by having to explain that your employment was terminated. Jubilee would also agree to provide a neutral job reference if requested.

I hope that this letter has clarified any confusion you may have. If you have any questions, please send them to me via email at sam.cofer@jubileeacademic.org

DAVID S. COFER
Director, Human Resources