IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DEIDRA WYNNE,** § |
| *Plaintiff*, § |
| § |
| § |
| v. § Civil Action No. 1:19-cv-00739-JRN |
| § |
| **JUBILEE ACADEMIC CENTER, INC.,** § |
| **BLAKE SCHNEIDER and SAM COFER,** § |
| *Defendants*. § |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND ORIGINAL COMPLAINT AND PLAINTIFF'S MOTION FOR LEAVE TO JOIN ADDITIONAL PARTIES**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Come now Defendants Jubilee Academic Center, Inc. ("Jubilee"), Blake Schneider ("Mr. Schneider") and Sam Cofer ("Mr. Cofer") (collectively, "Defendants") who file this, their Response to Plaintiff's Motion for Leave to Amend Original Complaint ("Motion to Amend") and Plaintiff's Motion for Leave to Join Additional Parties ("Motion to Join Parties") (Docket #8 and Docket # 9), and respectfully show the Court as follows:

**I. STATEMENT OF FACTS**

On July 23, 2019, Plaintiff filed her Original Complaint and Demand for Jury Trial, alleging claims of "FMLA Interference" and "FMLA Retaliation." Defendants timely filed their Answer on October 31, 2019. In her original Complaint, Plaintiff claimed that Mr. Schneider interfered with her attempt to exercise FMLA rights when she informed him on August 8, 2016 that she required the day off to "complete the task of making a change to her sister's care, completing the move to the new home she'd purchased." *See* Plaintiff's Original Complaint at ¶ 35. Plaintiff further claimed that her termination on August 19, 2016 "represents unlawful,

willful retaliation for having asserted her FMLA rights." *See* Plaintiff's Original Complaint at ¶ 47. Specifically, she claimed that Mr. Cofer failed to provide her with her "Rights and Responsibilities" notice, which resulted in the denial of her attempt to exercise FMLA rights. *See* Plaintiff's Original Complaint at ¶¶ 44-46. Plaintiff claimed that Mr. Schneider retaliated against her when he terminated her on August 19, 2016. *See* Plaintiff's Original Complaint at ¶ 47.

Defendants timely served their Initial Disclosures on Plaintiff on January 15, 2020. To date, Defendants have not received Initial Disclosures from Plaintiff. Plaintiff filed her Motion For Leave to Amend and Motion for Leave to Join Parties on January 31, 2020. As both of Ms. Wynne's motions seek to add Tom Koger and Daniel Amador, in their individual capacities, as Defendants in this case, Defendants submit this Response in opposition to both of Plaintiff's motions.

## II. ARGUMENT AND AUTHORITIES

### A) Standard of Review

The Federal Rules of Civil Procedure ("Federal Rules") allow a party to amend its pleadings "once as a matter of course" within 21 days after serving the pleading or within 21 days after service of a responsive pleading or certain motions. FED. R. CIV. P. 15(a)(1). In all other cases, amendments are allowed "***only by leave of court or by written consent of the adverse party***." FED. R. CIV. P. 15(a)(2) (emphasis added); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litigation*, 279 F.R.D. 395, 398–99 (S.D. Tex. 2011). While the Federal Rules provide that leave should "freely [be given] when justice so requires," *see* FED. R. CIV. P. 15(a)(2), such leave is not automatic. *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996).

The decision to grant or deny a request to amend a pleading rests within the discretion of the District Court. *See Enron*, 279 F.R.D. at 399 (citing *Foman v. Davis*, 371 U.S. 178, 181 (1962)).

In making its decision, a court considers factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)). Courts may also consider "an unexplained delay following an original complaint [and] whether the facts underlying the amended complaint were known to the party when the original complaint was filed." *Southmark*, 88 F.3d at 316 (internal citations and quotations omitted).

> ### B) Plaintiff's attempts to join Tom Koger and Daniel Amador should be denied based on Plaintiff's knowledge of facts prior to filing her Original Complaint, and because such amendment would be dilatory and futile

Although Plaintiff's Motions do not state any reason for the need to amend her Complaint, in her Proposed First Amended Complaint, Plaintiff states "[a]s a result of subsequent discovery not available to plaintiff at time of the Original Complaint, plaintiff seeks to clarify allegations against Defendants Jubilee, Academic Center, Inc., Tom Koger, in his individual capacity, Daniel Amador, in his individual capacity, Sam Cofer, in his individual capacity, and Blake Schneider, in his individual capacity." Other than Defendants' service of Initial Disclosures and discovery requests served on Plaintiff, there has been no discovery in this case. Plaintiff, as a former employee of Jubilee, knew while she was employed that Mr. Amador served as the Superintendent and Mr. Koger as Jubilee's Executive Director. *See* Affidavit of Tom Koger attached hereto as Exhibit 1. No new information has been provided to Plaintiff since the filing of her Original Complaint.

Additionally, Plaintiff's Proposed Amended Complaint does not set forth any facts to support her assertion that Mr. Koger and Mr. Amador should be individually liable for her FMLA claims. The Fifth Circuit, in a case of first impression, held that "if a public employee "acts, directly or indirectly, in the interest of an employer," he satisfies the definition of employer under

3

the FMLA, and therefore, *may* be subject to liability in his individual capacity." *Modica v. Taylor*, 465 F.3d 174, 184 (5th Cir. 2006) (emphasis added). The Fifth Circuit later limited the *Modica* holdings to the specific facts of the case. "The *Modica* Court held that the Eleventh Amendment did not bar the plaintiff's individual capacity claim against a state employee who terminated the plaintiff **because the claim was based on an alleged retaliatory act inflicted by that individual defendant**…. By contrast, in *Henley v. Simpson*, the Fifth Circuit held that the state was the real party in interest because the state employees being sued over the state compensation policy never signed or promulgated the policy that was the focus of the plaintiff's claims, and the plaintiff was only attempting an 'end run' around the Eleventh Amendment…." *Myles v. Univ. of Texas Health Ctr. at San Antonio*, No. SA-17-CV-871-XR, 2018 WL 387809, at *4 (W.D. Tex. Jan. 11, 2018) (emphasis added).

In this case, Plaintiff has not made any allegations that either Mr. Koger or Mr. Amador took any action to either deny Plaintiff her rights under the FMLA or to retaliate against her. Rather, her Proposed Amended Complaint simply identifies them each as "employer" under U.S.C. 29 § 2611 (4)(B). The Fifth Circuit has held that this is not sufficient for individual liability under the FMLA.

### C) Plaintiff's attempt to rewrite her Original Complaint is not a permissible reason to amend her Complaint

In addition to seeking to add additional Defendants to her Complaint, Plaintiff also seeks to essentially rewrite her Original Complaint. Plaintiff's Proposed Amended Complaint includes several paragraphs detailing her sister's hospital stay and subsequent interactions with her parents. These additional paragraphs are neither appropriate nor relevant to Plaintiff's claims. Rather, the issues are whether Plaintiff qualifies for FMLA leave to care for her sister, and whether her

termination was retaliatory. Plaintiff's revised narrative seeks to essentially add totally unnecessary "facts" which, even assuming their veracity, serve no purpose in this lawsuit.

### D) The Motion to Amend should be denied for Plaintiff's failure to comply with the Local Rules

Plaintiff has disregarded the requirement to conference with opposing counsel prior to filing her motions by failing to include a "certificate of conference" in her Motions. Specifically, RULE CV-7(i) of the Rules of accepted practice in the Western District of Texas (the "Local Rules") states:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement, and further, certifies the specific reason that no agreement could be made.

This disregard for the Local Rules, in addition to Plaintiff's attempt to add Defendants who have no relation to her alleged claims, casts serious doubt on Plaintiff's good faith in bringing her lawsuit and serves as an additional factor for the Court's consideration when deciding the Motion to Amend.

## III. CONCLUSION

Plaintiff has asked this Court for leave to join Tom Koger and Daniel Amador as Defendants to this case. As described in detail above, Plaintiff's request for leave to amend is dilatory and futile, as she was aware of the "new" facts presented in her Motion to Amend well before filing her Original Complaint. Plaintiff has also demonstrated an inability to comply with the accepted Rules of practice before the Court. For such reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to Amend Original Complaint and Plaintiff's Motion for Leave to Join Additional Parties.

Respectfully submitted,

**SCHULMAN, LOPEZ,
HOFFER & ADELSTEIN, LLP**

_____

**Joseph E. Hoffer**
State Bar No. 24049462
Email: jhoffer@slh-law.com
**Ricardo R. Lopez**
State Bar No. 24013059
Email: rlopez@slh-law.com
845 Proton Road
San Antonio, Texas 78258
Telephone:    210-538-5385
Facsimile:    210-538-5384

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I served the foregoing on Plaintiff *via* U.S.P.S. Priority Mail, delivery confirmation requested, and by email as follows:

Deidra Wynne
*Pro Se* Plaintiff
108 Ridgewood Dr.
Georgetown, Texas 78628
Email: Wynne2saywynne@gmail.com

_____
Attorney for Defendants